## Northern Central Trust Company's Case.

Argued January 4, 1934.   Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John P. Connelly,* for appellant.

*Todd Daniel,* with him *William A. Schnader,* Attorney General, and *Shippen Lewis,* Special Deputy Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 19, 1934:

On Friday, September 25, 1931, appellants, Newburger, Loeb & Company, gave to the Northern Central Trust Company $2,338.50 in cash. Simultaneously the trust company issued to them its treasurer's check to their order for the like amount. The following day, Saturday, a similar transaction took place, the amount involved being $706.13. On Monday, September 28th, the secretary of banking took possession of the trust company. When the treasurer's checks were presented for payment they were not honored. Thereafter appellants filed a petition in the court below for a rule to show cause why they should not be declared preferred creditors of the trust company and, when the account of the secretary of banking was filed, appellants reasserted their claim for a preference by exceptions. On the adjudication of the account the court determined the status of appellants was that of depositors and that they were not entitled to a preference generally, but only to such preference as the law gave to depositors. From this decision comes the appeal.

The argument of appellants' able counsel is that his clients gave the cash to the trust company on Friday and Saturday "as a matter of convenience and for that reason there was not the ordinary relationship between the trust company and a depositor." While this may be true it does not follow that a preference was created. It is admitted the money did not become a part of the demand deposit account which appellants maintained with the trust company. We see the transaction only as an ordinary business one in which the status of debtor and creditor was brought about.

The other position taken is that the officials of the trust company must have known the institution was insolvent, and that if there was any commingling of funds the trust company became a trustee ex maleficio. Nothing in the record shows that the secretary of banking

took over the trust company because it was insolvent. Under the Act of June 15, 1923, P. L. 809, section 21, as amended by the Act of May 5, 1927, P. L. 762, section 7, 7 P. S. 21, he could have taken it over on any one of nine grounds.

Appellants cite to us Cameron v. Carnegie Trust Co., 292 Pa. 114, and Metropolitan Life Ins. Co.'s App., 310 Pa. 17. Neither of these cases sustains their position. In the Cameron Case, the Carnegie Trust Company had received a note from a bank for collection and remittance only. The trust company was insolvent at the time. It received the money due on the note. We held that it was agent for the bank and became a trustee ex maleficio for the amount due to it. In the Metropolitan Insurance Company Case, we decided that on the facts there appearing the amounts received by the trust company were to be considered as general claims, not as deposits.

While the court below treated appellants as depositors and accorded them the preference established for this relation, strictly speaking we think this not their status, but that it was, as the law then existed, that of general creditors. The secretary of banking, however, raises no question as to this, because by the Act of May 15, 1933, section 1011, P. L. 624, depositor status is given to claims founded on treasurer's checks given for cash.

The decree of the court below is affirmed at appellants' cost.